NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1499

MARGARET LYNN LANDRENEAU

VERSUS

TOBY LAYNE LANDRENEAU

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 65249-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Herschel Glenn Marcantel, Jr.
Attorney at Law
224 High School Drive
Ville Platte, LA 70586
(337) 363-6950
Counsel for Defendant/Appellant:
    Toby L. Landreneau

Grady M. Spears
Attorney at Law
800 West Congress Street, Suite C
Lafayette, LA 70501
(337) 233-3634
Counsel for Defendant/Appellant:
    Toby L. Landreneau

**Kathy Fontenot-Meyers**
**Attorney at Law**
**P. O. Box 268**
**Ville Platte, LA 70586**
**(337) 363-3804**
**Counsel for Plaintiff/Appellee:**
     **Margaret L. Landreneau**

**DECUIR, Judge.**

Father appeals a trial court judgment finding a change in custody was not in the best interest of the child.

## FACTS

Lynn and Toby Landreneau were married in January of 1999. One child, Luke Landreneau was born of the marriage. In April of 2004, the parties divorced and entered into a joint custody arrangement with Lynn as domiciliary parent. In the summer of 2005, Lynn notified Toby that her new husband had been transferred and the family would be moving to West Virginia. Toby responded by filing an objection to the relocation of Luke.

The matter was set for hearing on September 19, 2005. On that date, the parties appeared and indicated they had reached an agreement and Toby was withdrawing his objection. Judgment was entered in the record authorizing the relocation. Sometime after that, but prior to the actual signing of the judgment on December 15, 2005, Toby reconsidered and filed a motion to reset the rule for change of custody and objection to relocation. At the hearing, Toby insisted that the matter was still an objection to relocation. However, the trial court ruled that the order authorizing relocation pursuant to the agreement and entered into the record was final and, therefore, the matter was now a change of custody issue. Ultimately, the court concluded that a change in custody was not in the best interest of the child. Toby lodged this appeal.

## NATURE OF THE PROCEEDING

Toby argues that by characterizing the proceeding as a change of custody the trial court improperly placed the burden of proof on Toby rather than on Lynn as would be required were the matter treated as an objection to relocation under

Louisiana Revised Statute 9:355.1. Interestingly, Toby also argues that the trial court in its reasons for judgment reviewed the factors from the relocation statute rather than from the guidelines suggested in the comments to Louisiana Civil Code Article 134 dealing with child custody and assigns this as error as well.

It is evident to us that the trial court treated the matter as a change in custody, yet, given the dispute over the issue out of an abundance of caution, reviewed the matter as a relocation matter as well. The court noted that its conclusion was the same whether the burden was placed on Toby or on Lynn.

> The law is well settled that the trial court's finding with regard to custody matters is entitled to great weight on appeal as it is in a superior position to assess what the child's best interests are based on its consideration of the testimony of the parties and witnesses. *AEB v. JBE*, 99-2668 (La.11/30/99), 752 So.2d 756; *Miller v. Miller*, 01-356 (La.App. 3 Cir. 10/31/01), 799 So.2d 753. Therefore, upon review, the findings of the trial court in custody matters are afforded great weight and the trial court's determination will not be disturbed absent a showing of abuse of discretion. *Thibodeaux v. Thibodeaux*, 00-82 (La.App. 3 Cir. 6/1/00), 768 So.2d 85, *writ denied*, 00-2001 (La.7/26/00), 766 So.2d 1262.

*Bodie v. Harvey* 06-845, pp. 2-3( La.App. 3 Cir. 11/2/06), 943 So.2d 1256, 1257-1258. After reviewing the record in this case, we cannot say the trial court abused its discretion in allowing the relocation or in maintaining Lynn's status as domiciliary parent. It is apparent that Luke will be living in a stable financial and family atmosphere in the immediate care of his mother and stepfather as has been the case for some time. Moreover, Lynn has demonstrated a willingness to cooperate in providing time for Luke to spend with Toby. At this time, it does not appear that Toby can offer the same level of stability and the record reflects that certain other risk factors support the trial court's conclusion that a change in custody is not in Luke's best interest.

## WEIGHT OF EVIDENCE

By his remaining assignments, Toby contends that the trial court failed to give proper weight to his current behavior, Lynn's conduct, and the evidence of the clinical psychologist.

> Findings of fact by the trial court cannot be set aside in the absence of manifest error or unless the findings are clearly wrong. *Rosell v. ESCO,* 549 So.2d 840 (La.1989). To reverse a trial court's determination of fact, we must review the record in its entirety and find that it does not establish a reasonable factual basis for the finding of fact and that the fact finder is clearly wrong or manifestly erroneous. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993).
>
> We must give great weight to the factual conclusions of the trier of fact and cannot re-weigh the evidence and substitute our own factual conclusions. *Ambrose v. New Orleans Police Dep't Ambulance Serv.*, 93-3099, 93-3110, 93-3112 (La.7/5/94), 639 So.2d 216.

*Schweitzer v. Wal-Mart Stores, Inc*., 03-727, pp. 8-9 (La.App. 3 Cir. 12/10/03), 861 So.2d 747, 752-753.

In this case, we have reviewed the record and find no manifest error in the weight given the evidence by the trial court.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to Toby Landreneau.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.